UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.:

**06 CV 5130**

CLEMENTE DELGADO,

Plaintiff,

v.

EROS CAFÉ, INC.,
a New York corporation,

Defendant.

_____/



## COMPLAINT

1. Plaintiff CLEMENTE DELGADO (hereinafter referred to as "Plaintiff"), was an employee of Defendant EROS CAFÉ, INC. (hereinafter referred to as "Defendant"), and brings this action for overtime compensation, spread of hours compensation and other relief under both the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b), and New York Labor Law. Plaintiff performed work as a cook in New York, NY from approximately June 2003 until June 2004.

2. Defendant is a New York corporation that operates and conducts business in New York, New York, and is within the jurisdiction of this Court.

3. This action is brought to recover from Defendant overtime compensation, spread of hours compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216(b)(the Act).

4. Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 <u>et seq.</u>, and Art. 19, §§ 650 <u>et seq.</u> (collectively "NYLL"), he is entitled to unpaid overtime wages from Defendant for his work beyond 40 hours per week; unpaid spread of hours payments from Defendants for each day he worked ten (10) or more hours; liquidated damages equal to 25 percent of his unpaid spread of hours payments and overtime wages; and attorneys fees and costs

## JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s).

6. Venue is proper in the Southern District of New York Pursuant to 28 U.S.C. §1391(b) and (c).

7. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§201-209, in that Plaintiff performed services for Defendant for which no provisions were made by the Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) hours per week during one or more workweeks.

8. In the course of employment with Defendant, Plaintiff was not paid time and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours per workweek during one or more workweeks.

9. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## UNDER FAIR LABOR STANDARDS ACT

10. Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 9 above.

11. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per workweek. Plaintiff regularly worked overtime hours.

12. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurred costs and reasonable attorney's fees.

13. As a result of Defendant's willful violation of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## NY MINIMUM WAGE/OVERTIME COMPENSATION

14. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 13 above.

15. At all times relevant to this action, Plaintiff was an employee of Defendant, and Defendant was Plaintiff's employer, as defined by N.Y. Labor Law §§ 2(5), 2(6), 651(5) and 651(6).

16. At all times relevant to this action, the state minimum wage was $5.15 per hour, as codified by N.Y. Labor Law § 652(1).

17. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

18. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day he worked ten (10) or more hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.4.

19. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, unpaid spread of hours compensation, and an additional twenty-five (25) percent as liquidated damages, reasonable attorney's fee, and costs of the action, pursuant to N.Y. Labor Law § 663(1).

20. As a result of the foregoing, Plaintiff has been injured, and Defendant has profited thereby, in an amount to be proven at trial.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

i. Declare Defendant's conduct complained of herein to be a violation of Plaintiff's rights under the Fair Labor Standards Act and the New York Labor Law;

ii. Award Plaintiff unpaid minimum wages and overtime compensation due under the Fair Labor Standards Act and an additional equal amount as

      liquidated damages because of Defendant's willful failure to pay both minimum wage and overtime pay, pursuant to 29 U.S.C. § 216;

iii.    Award Plaintiff unpaid spread of hours compensation and overtime compensation under the New York Labor Law and an additional 25% as liquidated damages, pursuant to N.Y. Labor Law § 663(1);

iv.    Award Plaintiff prejudgment interest;

v.    Award Plaintiff the costs of this action together with reasonable attorney's fees; and such other and further relief as this court deems necessary and proper.

DATED this 6th day of July 2006.

                THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
                222 Broadway, 19th Floor
                New York, NY 10038
                Tel: (212) 897-5859
                Fax: (212) 860-9169

                JUSTIN A. ZELLER
                J.Z.7094